**1:21-CV-00574**



**AJS**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

                        Civil Docket No.:

**JUDGE ASPEN**
**MAGISTRATE JUDGE FINNEGAN**

LARRY CHERRY

                Plaintiff,

   -against-

                        **COMPLAINT**

ROBINHOOD FINANCIAL LLC
ROBINHOOD SECURITIES, LLC
ROBINHOOD MARKETS, INC.,

              Defendants.      **Plaintiff Demands a**
                                       **Trial by Jury**

## NATURE OF THE ACTION

1. Robinhood is an online brokerage firm.

2. Robinhood purposefully, willfully, and knowingly removing the stock "GME AND AMC" from its trading platform in the midst of an unprecedented stock rise thereby deprived retail investors of the ability to invest in the open-market and manipulating the open-market.

## PARTIES

3. Plaintiff Larry Cherry was and is a citizen of Chicago, Illinois.

4. Defendant Robinhood Financial LLC is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, California 94025. It is a wholly-owned subsidiary of Robinhood Markets, Inc. Robinhood Financial LLC is registered as a broker-dealer with the U.S. Securities & Exchange Commission ("SEC"). Defendant Robinhood Financial LLC acts as an introducing broker and has a clearing arrangement with its affiliate Defendant Robinhood Securities, LLC.

5. Defendant Robinhood Securities, LLC is a Delaware corporation with its principal place of business at 500 Colonial Center Parkway, Suite 100, Lake Mary, Florida 32746. It is a wholly owned subsidiary of Defendant Robinhood Markets, Inc. Defendant Robinhood Securities, LLC is registered as a broker-dealer with the SEC. Defendant Robinhood Financial LLC acts as a clearing broker and clears trades introduced by its affiliate Defendant Robinhood Financial.

6. Defendant Robinhood Markets, Inc. is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, California 94025. Defendant Robinhood Markets, Inc. is the corporate parent of Defendants Robinhood Financial LLC and Robinhood Securities, LLC.

7. The above-named corporate defendants herein referred to collectively as "Robinhood."

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

9. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where Robinhood, distributed, marketed, advertised, and sold the trading services which are the subject of the present complaint. Finally, venue is appropriate in this District pursuant to 28 USC § 1391(b)(2) because a substantial part of the acts and omissions that gave rise to this Complaint occurred or emanated from this District.

10. This Court has personal jurisdiction over Robinhood because it is authorized to do business and does conduct business in Illinois, and because it has specifically marketed, advertised, and made substantial sales in Illinois, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state through its promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

## FACTUAL ALLEGATIONS

11. Robinhood is an online brokerage firm. Its customers place securities trades through the firm's website, by using a web-based application (or "app"). Robinhood permits customers to purchase and sell securities, including futures contracts.

12. Robinhood has experienced significant growth as a relatively new online brokerage firm. In 2019, Robinhood raised $323 million in funding at a $7.6 billion valuation. The firm markets itself primarily to younger investors and claims over 10 million users of its trading app.

13. On or about March 23, 2016, Robinhood's official Twitter account stated: "*Let the people trade.*" They have since disregarded his mantra and have blocked access for millions of its customers to trade particular securities.

14. On or around January 11, 2021, stocks in GameStop Corp. ("GME and AMC") began to rise.

15. At that time, Robinhood allowed retail investors to trade GME and AMC on the open market.

16. On or about January 27, 2021 Robinhood, in order to slow the growth of GME and AMC and deprive his customers of the ability to use his service, abruptly, purposefully, willfully, and knowingly pulled GME and AMC from his app. Meaning, retail investors could no longer buy or even search for GME and AMC on Robinhood's app.

17. Upon information and belief, Robinhood's actions were done purposefully and knowingly to manipulate the market for the benefit of people and financial intuitions who were not Robinhood's customers.

18. Since pulling the stock from his app, GME and AMC prices have gone up, depriving investors of potential gains.

19. Additionally, in the event GME and AMC go down, Robinhood has deprived investors of "shorting" GME and AMC in the hopes the price drops.

20. In sum, Robinhood has completely blocked retailer investors from purchasing GME and AMC for no legitimate reason, thereby depriving retailer investors from the benefits of Robinhood's services.

21. The Financial Industry Regulatory Authority ("FINRA"), which governs brokers like Robinhood, espouses rule 5310 regarding "Best Execution and Interpositioning." Rule 5310.01 requires that Robinhood "*must make every effort to execute a marketable customer order that it receives promptly and fully*." By failing to respond at all to customers' placing timely trades—and outright blocking customers from trading a security—Robinhood has breached these, among other, obligations and caused its customers substantial losses due solely to its own negligence and failure to maintain adequate infrastructure.

22. Robinhood continues to randomly pull other securities from its app for no legitimate reason.

23. Upon information and belief, Robinhood is pulling securities like GME and AMC from its platform in order to slow growth and help benefit individuals and institutions who are *not* Robinhood customers but are Robinhood large institutional investors or potential investors.

*Plaintiff's Experience*

24. On the morning on January 28, 2021, Plaintiff used his Robinhood app, searched for GME and AMC on Robinhood's app, and found it was unavailable. The stock did not even appear, although GME and AMC is a publicly traded company available on all other platforms.

25. Thus, Plaintiff, like so many others, lost out on all earning opportunities.

26. Plaintiff was not able to execute trades on GME and AMC after Robinhood knowingly, willfully, and purposefully removed it completely from it"s platform.

27. Plaintiff placed an order for AMC AND GME stock and was told the next day that the order was canceled.  In fact the message from Robinhood stated that plaintiff had canceled the order, which plaintiff had not.

28. On 1-29-2021 Robinhood allowed trading again on the stocks but limited purchasing to either one or a few shares.


29. .

## CAUSE OF ACTION I
## For Breach of Contract

30. Plaintiff hereby incorporates s by reference the factual allegations set forth above.

31. In order to use the Robinhood trading platform, a potential customer must enter into the Customer Agreement with Robinhood.

32. Plaintiff did enter into a Customer Agreement with Robinhood.

33. Robinhood breached its Customer Agreement by, among other things, failing to disclose that its platform was going to randomly pull a profitable stock from its platform; that Robinhood failed to provide adequate explanation to his customers; that Robinhood knowingly put his customers at a disadvantage compared to customers who used other trading apps; that Robinhood failed to provide access to its own financial incentives to pull certain securities including GME and AMC; that Robinhood's prohibited Plaintiff from performing in a timely manner (or at all) under the contract; that Robinhood failed to comply with all applicable legal, regulatory, and licensing requirements; and that Robinhood failed to exercise trades and actions requested by plaintiff,

34. As such, Robinhood breached its Customer Agreement with Plaintiff

35. Robinhood knew, should have known and had the responsibility of knowing that its actions breached their customer agreement.

36. Robinhood's failure to perform and its breaches of the Customer Agreement resulted in damages and losses to Plaintiff and continues to expose plaintiff to harm because Robinhood continues to fail to perform under the Customer Agreement. These losses reflect damages to Plaintiff in an amount to be determined at trial or separate proceedings as necessary.

37.

## CAUSE OF ACTION II
## Breach of the Implied Covenant of Good Faith and Fair Dealing

38. Plaintiff hereby incorporate ss by reference the factual allegations set forth above.

39. Plaintiff entered into the Customer Agreement with Defendant Robinhood to open a Robinhood trading account. Plaintiff agreed to Robinhood's Terms and Conditions by using Robinhood's website and trading platform.

40. Plaintiff fulfilled his obligations under these contracts by adhering to his terms and using Robinhood's trading services through its website and trading platform.

41. Robinhood was obligated to provide the trading services required under those contracts at all times, including but not limited to, trades for GME and AMC.

42. When initially signing up for Robinhood, Plaintiff could and most actually did trade

GME and AMC.

43. Robinhood unfairly interfered with the rights of Plaintiff ,to receive the benefits of the Customer Agreement by, among other things, (i) failing to provide services necessary to carry out a trade; (ii) failing to provide certain

trading services whatsoever; (iii) failing to inform individuals in a timely member of the drastic changes in trading abilities; and (iv) prohibiting Plaintiff from buying GME and AMC for Robinhood's own pecuniary interest and not disclosing those interest to Plaintiff.

Robinhood's conduct has caused Plaintiff, harm, losses, and damages. These losses reflect damages to Plaintiff, in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION III
### Negligence

44. Plaintiff hereby incorporates by reference the factual allegations set forth above. Robinhood had a duty to exercise reasonable care in conducting and facilitating transactions for its customers.

45. Robinhood had a duty to exercise reasonable care in providing trades on the free, open market for its customers.

46. Robinhood unlawfully breached its duties by, among other things, (i) removed GME and AMC without notice from its trading app; (ii) failed to provide financial services related to GME and AMC; (iii) failing to notify customers in a timely manner of the GME and AMC "blackout."

47. Robinhood's conduct as set forth in this Complaint was want of even scant care, and its acts and omissions were and continue to be an extreme departure from the ordinary standard of conduct. His actions breach any duty of care to his customers, but are also inconsistent with the standard of care expected from similar firms in the open market.

48. Upon information and belief, no institutions similar to Robinhood have ever outright banned customers from purchasing a specific share of a specific security.

49. Robinhood essentially abandoned its customers altogether by pulling GME and AMC, a standard of care so far below what is required for a business engaging in time sensitive trading services that it amounts to a complete abandonment of its duties.

50. Robinhood's grossly negligent and wrongful breaches of its duties owed to Plaintiff, proximately caused losses and damages that would not have occurred but for Robinhood's gross breach of its duty of due care. These losses reflect damages to Plaintiff, in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION IV
### Breach of Fiduciary Duty

51. Plaintiff hereby incorporates by reference the factual allegations contained herein.

52. As a licensed provider of financial services, Robinhood at all times relevant herein was a fiduciary to Plaintiff and owed him the highest good faith and integrity in performing its financial services on his behalf. Robinhood also acted as a fiduciary to each and every customer who agreed to the Customer Agreement.

53. Robinhood breached its fiduciary duties to by, among other things, failing to disclose that its platform was going to remove GME and AMC purchases in a timely manner; actually removing GME and AMC; removing GME and AMC for its own pecuniary benefits; that Robinhood failed to provide access to its financial services in a timely manner; that Robinhood failed to comply with all applicable legal, regulatory, and licensing requirements; and that Robinhood failed to exercise trades and actions requested by customers in a complete and timely manner (also required by FINRA Rule 5310).

54. Robinhood's conduct has caused Plaintiff harm, losses, and damages and continues to expose him to harm because Robinhood continues to breach its fiduciary duties. These losses reflect damages to Plaintiff members in an amount to be determined at trial or separate proceedings as necessary.

**RELIEF REQUEST:**

1. Enter an immediate injunction requiring Robinhood to reinstatement GME and AMC on his trading platform;

2. Enter an award for Plaintiff to be determined;

3. Enter an award for attorneys fees and costs;

4. Enter an award for punitive damages for the willful, wanton, and reckless behavior of Defendants;

5. Any other relief this Court deems just and fit.

Date: January 28, 2021

        **Respectfully,**

        s/Larry Cherry
        _____
        Larry Cherry
        P.O. Box 1677
        South Holland, Il 60473

        This a verified Complaint.

This a matter at law exceeding $75,000.00.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109], the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes the same to be true.

  s /Larry Cherry